UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLYN FLOYD and LOGAN HOLL, *Individually and as Parents and Natural Guardians of* C.H., a minor,<br><br>               Plaintiffs,<br><br>     v.<br><br>WAYNE MEMORIAL HOSPITAL and WAYNE MEMORIAL HEALTH SYSTEM, INC., et al.,<br><br>               Defendants. | CIVIL ACTION NO. 3:24-CV-01046<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

The present matter was commenced in the Court of Common Pleas of Lackawanna County when Plaintiffs Carlyn Floyd ("Ms. Floyd") and Logan Holl ("Mr. Holl"), individually and as Parents and Natural Guardians of C.H. ("C.H") (collectively with Ms. Floyd and Mr. Holl, "Plaintiffs") filed a complaint (Doc. 1-1) on August 30, 2023 against Defendants Wayne Memorial Hospital ("Hospital") and Wayne Memorial Hospital System ("Health System") (collectively, with Hospital, "Wayne Memorial Defendants"). On June 25, 2024, the case was removed to this Court by Third-Party Defendant United States of America ("United States") (collectively, with Wayne Memorial Defendants, "Defendants"). (Doc. 1). Presently before the Court is a motion to sever and remand filed by Plaintiffs. (Doc. 11). For the following reasons, the Court will **GRANT** Plaintiffs' motion (Doc. 11) and **REMAND** Plaintiffs' state law claims to the Lackawanna County Court of Common Pleas.

I.     <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiffs filed suit in the Lackawanna County Court of Common Pleas on August 30,

2023 against the Wayne Memorial Defendants. Plaintiffs assert claims of gross negligence, corporate negligence, and negligent infliction of emotion distress related to the alleged handling of Ms. Floyd's labor and delivery during C.H.'s birth. (Doc. 1-1, at 1-28).

On December 5, 2023,[1] the Wayne Memorial Defendants joined Catharine R. Scully, CNM ("Scully") and Alexis Felsman, D.O ("Felsman"), two providers who participated in Ms. Floyd's labor and delivery of C.H., by filing a joinder complaint asserting claims of indemnity and contribution against Scully and Felsman if Plaintiff's allegations are proven at trial. (Doc. 1-1, at 38; Doc. 20, at 8; Doc. 20-8). On June 25, 2024, the United States removed this action to this Court and substituted itself for Scully and Felsman on the basis that Scully and Felsman were acting within the scope of their employment as federal employees when the alleged negligence occurred. (Doc. 1; Doc. 1-2; Doc. 12, at 5; Doc. 20, at 9; Doc. 23, at 3).

On July 16, 2024, Plaintiffs filed a motion to sever and remand. (Doc. 11). On July 17, 2024, Plaintiffs filed a brief in support. (Doc. 12). On August 20, 2024, Wayne Memorial Defendants filed a brief in opposition. (Doc. 20). On August 30, 2024, the United States filed a brief in opposition. (Doc. 23). On September 11, 2024, Plaintiffs filed two reply briefs, one responding to each brief in opposition. (Doc. 27; Doc. 28). The motion to sever and remand has been fully briefed and accordingly is ripe for discussion. (Doc. 11; Doc. 12; Doc. 20; Doc. 23; Doc. 27; Doc. 28).

## II.    MOTION TO REMAND STANDARD

---

[1] In their brief in support of this motion, Plaintiffs assert that the joinder complaint was filed on November 20, 2023. (Doc, 12, at 5). However, the joinder complaint clearly denotes December 5, 2023 as the filing date. (Doc. 20-8).

The removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441–1455. Under § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant 28 U.S.C. 1441(c)(2), the Court may sever and remand any "claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute."

Section 1446 of the removal statute further sets forth the procedures for removal, explaining that a defendant seeking removal of an action must file a petition for removal with the proper district court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action. 28 U.S.C. § 1446(a). After a case has been removed, a plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien,* 631 F. Supp. 2d 601, 607 (E.D. Pa. Nov. 18, 2008) (quoting *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 352 (3d Cir. 1993)). A "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Samuel–*

*Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

### III.  DISCUSSION

In their complaint, Plaintiffs assert only state law claims; further, the Wayne Memorial Defendants and Plaintiffs are not diverse. (Doc. 1-1, at 19-28). Accordingly, federal jurisdiction relies entirely on the presence of the United States as a party. The Wayne Memorial Defendants joined Scully and Felsman, federal employees acting within the scope of their employment. Pursuant to 42 U.S.C. § 233(c), the United States substituted itself for Scully and Felsman, and the indemnity and contribution joinder complaint against them is correctly deemed a tort action brought against the United States pursuant to the FTCA. *See* 42 U.S.C. § 233(c) (suits where the United States is a party when it has substituted itself for its employees "shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending").[2] As this Court has original jurisdiction over the indemnity and contribution claims; jurisdiction over Plaintiffs' state law claims is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[3] Plaintiffs ask this Court to decline to exercise

---

[2] Additionally, the United States is the only proper defendant in an FTCA action. *See, e.g., Brownback v. King*, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that parties can sue the United States directly for harms caused by its employees); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008), (noting that "[t]he Government is the only proper defendant in a case brought under the FTCA").

[3] The United States argues that Plaintiffs' motion to sever and remand under § 1367 should be construed as a motion to sever under Rule 14. (Doc. 23, at 7). The United States submits that while Rule 14 also entrusts the decision to sever and remand to the discretion of the district court. (Doc. 23, at 7). According to the United States, the third-party complaint for indemnity and contribution is a derivative claim that invokes Rule 14, not properly construed as a claim before this Court based upon its original jurisdiction, to which the underlying state law claims are supplemental. (Doc. 23, at 11-12). However, this Court agrees

supplemental jurisdiction over the state law claims, but rather to sever those claims and remand them to the Lackawanna County Court of Common Pleas.

This Court has jurisdiction of those Plaintiffs' claims solely through the exercise of supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 1-1). If the Court does not exercise supplemental jurisdiction, Plaintiffs' claims should be remanded back to state court pursuant 28 U.S.C. § 1441; *see Stouffer v. RestoreCore Mgmt., Inc.*, No. CIV.A. 1:07-CV-1587, 2008 WL 2682110, at *3 (M.D. Pa. July 1, 2008) ("Without supplemental jurisdiction under § 1367, the Court lacks subject matter jurisdiction" over claims not implicating federal law). Supplemental jurisdiction in circumstances such as these is largely discretionary. When a plaintiff alleges federal law claims that fall within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over the plaintiff's state law causes of action, or decline to do so, pursuant to 28 U.S.C. § 1367. Section 1367 provides in pertinent part that "in any civil action of which the district courts have original jurisdiction,

---

with Plaintiffs and the Wayne Memorial Defendants' that the motion to sever and remand is properly addressed under the supplemental jurisdiction statute, § 1367 (c)(2). *See Grant v. UPMC Pinnacle Hosps.*, No. 1:20-CV-1988, 2021 WL 1516464 (M.D. Pa. Apr. 16, 2021) (analyzing the motion to sever indemnity claims against the United States and remand remaining state law claims under the § 1367 supplemental jurisdiction standard); *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 547 (2005) (finding that the text of § 1376 "makes clear that this grant [of supplemental jurisdiction] extends to claims involving joinder or intervention of additional parties" and stating "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction"); *Kraemer v. Rostraver Twp.*, No. 2:22-CV-01232, 2023 WL 2206565, at *6 (W.D. Pa. Feb. 24, 2023) ("§ 1367 represents a limited grant of jurisdiction; it does not authorize this Court to exercise jurisdiction over a state law claim merely because it would be convenient to try it along with the federal claims"). Additionally, § 1367 itself clearly states that the supplemental jurisdiction statute applies even when claims involve third-party complaints or joinder. See 28 U.S.C. § 1367(a) ("supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). Accordingly, the Court will analyze the motion as a motion to sever and remand pursuant to § 1367.

the district courts shall have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

However, the jurisdiction grant is permissive, not mandatory. District courts may properly

decline to exercise supplemental jurisdiction when the state law claim(s) "substantially

predominates over the claim or claims over which the district court has original jurisdiction."

28 U.S.C. § 1367(c)(2). The standard courts should employ to determine whether state law

predominates is as follows:

> "Courts must evaluate the following factors when considering which claims
> substantially predominates: 'the scope of the state and federal issues, the terms
> of proof required by each type of claim, the comprehensiveness of the remedies,
> and the ability to dismiss the state claims without prejudice to determine
> whether the state claim constitutes the real body of the case.'"
>
> *Grant v. UPMC Pinnacle Hosps.*, No. 1:20-CV-1988, 2021 WL 1516464, at *3
> (M.D. Pa. Apr. 16, 2021) (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301,
> 312 (3d Cir. 2003), *as amended* (Nov. 14, 2003)).

The Third Circuit has further explained, "a district court will find substantial predomination

'where a state claim constitutes the real body of a case, to which the federal claim is only an

appendage–only where permitting litigation of all claims in the district court can accurately

be described as allowing a federal tail to wag what is in substance a state dog.'" *De Asencio,*

342 F.3d at 309 (*Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir.1995) (quotation

omitted)).

Here, Plaintiffs' state law claims substantially predominate. The factual circumstances

in *Grant* were nearly identical to the present matter,[4] and in that case, the Court found that

---

[4] In *Grant*, plaintiffs sued a hospital system and hospital, alleging that healthcare
providers were negligent in the delivery of their child. *See Grant,* 2021 WL 1516464, at *1.

when considering the scope of the state and federal issues, "state law controls almost entirely." *Grant*, 2021 WL 1516464, at *3. The *Grant* court reasoned that, while the FTCA claims require exclusive federal jurisdiction, Pennsylvania state law dictates FTCA liability. *Grant*, 2021 WL 1516464, at *3. The same rule applies here. *See LaLoup v. United States*, 92 F. Supp. 3d 340, 347 (E.D. Pa. 2015) ("Because the statute looks to 'the law of the place where the act or omission occurred,' we must apply state substantive law to determine liability under the FTCA.") (quoting *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 825 (3d Cir.1994)); *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008), *as amended* (Sept. 29, 2008) (noting that state tort law governs FTCA liability); *cf. Wilson v. United States*, 79 F.4th 312, 317 (3d Cir. 2023) (finding that the FTCA's incorporation of state law means that the substantive state law is "the source of substantive liability under the FTCA.") (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994)). The substantive law involved in this matter, including the indemnity and contribution claims against the United States, is grounded in state law. The Wayne Memorial Defendants concede that "no questions of substantive federal law apply to this case." (Doc. 20, at 14). Accordingly, even though Scully and Felsman were acting within the scope of their employment as federal employees during the period at issue, implicating the FTCA and exclusive federal jurisdiction for any claims against them personally, the scope of state law is substantially larger and more relevant than that of federal law.

The second consideration, the terms of proof, also weighs in favor of severing Plaintiff's claims and remanding them to state court. Plaintiffs' claims rely entirely on state tort law. (Doc. 1-1, at 19-28). Moreover, the terms of proof is reliant on the application of state law, as the Wayne Memorial Defendants' own joinder complaint made its claims against Scully and Felsman contingent upon Plaintiffs proving their state claims in the first place.

(Doc. 1-1, at 38). In the joinder complaint, the Wayne Memorial Defendants repeatedly qualify Scully and Felsman's liability, noting that the third-party defendants would only be liable "if the allegations of plaintiffs' Complaint are proven at trial." (Doc. 1-1, at 38). Therefore, it follows that the terms of proof for all issues in this matter rely entirely on state law.

The Court next finds that that comprehensiveness of the state law remedies sufficiently addresses Plaintiffs' damages. State law can provide the remedies for Plaintiffs' claims against the Wayne Memorial Defendants. In turn, the Wayne Memorial Defendants may seek indemnity in federal court after the resolution of those claims. *Grant*, 2021 WL 1516464, at *4.

Finally, the considerations of general fairness and judicial economy favor Plaintiffs. The claims in this matter cannot be tried together because the indemnity and contribution action is entirely dependent on the resolution of the Wayne Memorial Defendants' liability. *See Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Cir. 2018) ("third-party contribution claims are entirely dependent on the resolution of the underlying state-law negligence claim[s] against them"). Should this Court stay the third-party complaint and allow for resolution of Plaintiffs' claims at the state court level, judicial economy will be served as the scope of the indemnity and contribution action will be clarified by the results of the state court trial. *Grant*, 2021 WL 1516464, at *4. Further, district courts in this Circuit have previously emphasized that "a plaintiff is generally entitled to its choice of forum." *Cruz v. Aspen Landscaping Contracting, Inc.*, No. CV208546KMJBC, 2021 WL 457858, at *4 (D.N.J. Feb. 8, 2021). Additionally, there has not been any significant discovery or motion practice in this Court outside of the instant motion, and the parties already set a trial date in state court

when this matter was removed. The Court finds that the issues of fairness and judicial economy also support a state court forum for Plaintiffs' claims. (Doc. 11-1, at 86-94); *see Cozzan v. Shore Mem'l Hosp.*, No. CIV.A. 14-4737 JBS/J, 2014 WL 7883688, at *4-5 (D.N.J. Dec. 31, 2014) (granting a plaintiff's motion to remand and stating issues of fairness and judicial economy are served by remand because the federal case had only been ongoing for five months, no discovery had occurred, and "the substantive activity in this litigation has been comprised only of the briefing associated with the pending motions").

For the foregoing reasons, Plaintiffs' state law claims will be **SEVERED and REMANDED** to state court. The Court will retain jurisdiction over the FTCA claims against the United States and **STAY** this matter until the resolution of Plaintiffs' claims against the Wayne Memorial Defendants. *See Grant*, 2021 WL 1516464, at *4 (dismissing plaintiffs' state law claims without prejudice and staying FTCA claims until resolution of the state claims); *Baylay*, 881 F.3d 1032 (finding that a district court did not abuse its discretion by declining to exercise supplemental jurisdiction over third-party indemnity/contribution claims).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion is **GRANTED**. (Doc. 11). Plaintiffs' state claims are **REMANDED** and the FTCA claims against the United States are **STAYED** until the resolution of Plaintiffs' claims against the Wayne Memorial Defendants. The Clerk of Court is directed to **STAY** this case. An appropriate Order follows.

> **BY THE COURT:**

**Dated: December 30, 2024**                    *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States District Judge**