UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN FLOYD and LOGAN HOLL, *Individually and as parents and Natural Guardians of* C.H., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>WAYNE MEMORIAL HOSPITAL and WAYNE MEMORIAL HEALTH SYSTEMS, INC., et. al.,<br><br>Defendants/ Third-Party Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Third-Party Defendant. | CIVIL ACTION NO. 3:24-cv-01046<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion to dismiss brought by Third-Party Defendant the United States of America (the "United States"). (Doc. 38). On June 25, 2024, the United States removed this action from the Lackawanna County Court of Common Pleas to this Court. (Doc. 1). On December 30, 2024, this Court entered an order severing Plaintiffs Carolyn Floyd ("Floyd") and Logan Hall's ("Hall") state law claims and remanding them to state court, while staying the remaining federal claims against the United States. (Doc. 37). For the following reasons, Defendant's motion to dismiss the remaining federal claims will be **DENIED.** (Doc. 38).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Floyd and Hall initiated this action against Wayne Memorial Hospital and Wayne Memorial Health Systems, Inc. ("Wayne Memorial Defendants") on August 30, 2023,

asserting claims of gross negligence, corporate negligence, and negligent infliction of emotional distress related to the alleged handling of Floyd's labor and delivery during C.H.'s birth. (Doc. 1-1, at 1-28). On December 5, 2023, the Wayne Memorial Defendants joined Catherine Scully, Certified Nurse-Midwife ("Scully") and Alexis Felsman, Doctor of Osteopathic Medicine ("Felsman"), two healthcare providers who participated in Floyd's labor and delivery of C.H. Wayne Memorial Defendants' joinder complaint asserts claims of indemnity and contribution against Scully and Felsman if Floyd and Hall's allegations are proven at trial. (Doc. 1-1, at 38; Doc. 20, at 8; Doc. 20-8). On June 25, 2024, the United States removed the action to this Court pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA") and substituted itself as the proper defendant in place of Scully and Felsman, on the basis that Scully and Felsman were acting within the scope of their employment as federal employees when the alleged negligence occurred.[1] (Doc. 1; Doc. 1-2; Doc. 12, at 5; Doc. 20, at 9; Doc. 23, at 3). On December 30, 2024, the Court entered an order severing and remanding Floyd and Hall's state law claims of negligence and intentional infliction of emotional distress and staying the remaining indemnity and contribution claims

---

[1] 42 U.S.C. § 233(c) provides that,

> "[u]pon a certification. . . that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial. . . to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto."

Pursuant to 42 U.S.C. § 233(c), the United States substituted itself as proper defendant for Scully and Felsman, acting in the scope of their employment at the time the alleged incident from which this suit arose. (Doc. 1, at 2-3). Therefore, the indemnity and contribution joinder complaint against it is deemed a federal tort action brought against the United States. 42 U.S.C. § 233(c).

against the United States until the state court resolves the state law claims. (Doc. 37, at 9). The state action is scheduled for trial on February 16, 2027. (Doc. 39, at 6; Doc. 39-2).

**II.   DISCUSSION**

The United States requests that the Court dismiss Wayne Memorial Defendants' third-party contribution and indemnification claims against it because the claims are not ripe or justiciable while the underlying state action is ongoing. (Doc. 38). The United States avers that Wayne Memorial Defendants' claims for contribution and indemnification will be ripe and justiciable only when Wayne Memorial Defendants are found liable and pay damages to Floyd and Hall. (Doc. 39, at 9). The United States contends that because trial is not scheduled until February 2027, Wayne Memorial Defendants have not been found liable, and judgment has not been entered against them that Wayne Memorial Defendants' contribution and indemnity claims against the United States are not ripe for resolution. (Doc. 39, at 10). Wayne Memorial Defendants counter that contingent liability is expressly permissible under Rule 14, so any lack of ripeness does not deprive this Court of subject-matter jurisdiction over the third-party claims against the United States. (Doc. 40, at 13-14).

Article III of the United States Constitution imposes a requirement on federal courts that they may only hear claims where a live case or controversy exists. U.S. Const. art. III, § 2; *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994). Ripeness is an element of justiciability under Article III, the function of which "is to determine whether a party has brought an action prematurely ... and counsel[ ] abstention until such time as a dispute is sufficiently concrete." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (internal citations omitted). "A claim is not for adjudication if it rests upon contingent

3

future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

      A defending party may make a third-party claim "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It is well settled in this Circuit that Rule 14 permits "contingent liability" in cases where an original defendant joins a third-party for the purposes of indemnity or contribution. *Stahl v. Ohio River Co.*, 424 F.2d 52, 56 (3d Cir. 1970) ("there is clearly no provision in Rule 14 to accelerate a contingent claim <u>except</u> the clause permitting an original defendant to bring into the suit 'a person not a party to the action who is or may be liable to him'. This language . . . clearly recognizes contingent liability."); *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 326 (E.D. Pa. 2020); ("[Rule 14] patently contemplates a defending party in federal court asserting claims for contribution and/or indemnification before judgement is entered."); *Grant v. UPMC Pinnacle Hosp.*, No. 1:20-CV-1988, 2021 WL 1516464, at *2 (M.D. Pa. April 16, 2021) ("Federal Rule of Civil Procedure 14(a)(1), which governs the filing of third-party claims, permits a party to file claims for contribution before it is ordered to pay damages . . . any other reading would impermissibly render the words 'may be' in Rule 14 nugatory."); *Tulpehocken Spring Water, Inc. v. Obrist Americas, Inc.*, No. 4:09-cv-2189, 2010 WL 5093101, at *4-*5 (M.D. Pa. Dec. 8, 2010) (finding that commencement of a third-party claim based on indemnification or contribution is appropriate despite the pendency of underlying claims and supports the goal of judicial economy); see *Cobb v. Nye*, No. 4:14-cv-0865, 2025 WL 3702515, at *2 (M.D. Pa. June 15, 2015) (granting a motion to dismiss because the contribution claims were against an original plaintiff, not a third-party, while noting that Rule 14 would have permitted the defendant to implead a nonparty). Some third-party actions, including claims

for indemnity or contribution, may be commenced in the interests of judicial economy before they are technically ripe. *Stahl*, 424 F.2d at 56; *Hatco Corp. v. W.R. Grace & Co.*, 59 F.3d 400, 406 n.3 (3d Cir. 1995); *Davis Pickering & Co., Inc. v. Worley Field Services, Inc.*, No. 22-1837, 2023 WL 2163886, at *6 (E.D. Pa. Feb. 22, 2023). "The very nature of third-party practice subjects it to contingencies," to hold otherwise would "wholly obviate the purposes of third-party practice," resulting in multiple indemnity actions that go against the goals of Rule 14 and judicial efficiency. *State College Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 583 (M.D. Pa. 2011); *Davis Pickering & Co., Inc.*, 2023 WL 2163886, at *6.

Here, the Wayne Memorial Defendants filed a third-party joinder complaint against Scully and Felsman on December 5, 2023, asserting indemnification and contribution. (Doc. 1-1 at 38). When the United States substituted itself for Scully and Felsman and removed the case to this Court, the Federal Rules of Civil Procedure became applicable. *See* Fed. R. Civ. P. 81(c)(1) ("[t]hese rules apply to a civil action after it is removed from state court."); 28 U.S.C. § 1441(a) (allowing defendants to remove any action filed in state court to the federal district court with original jurisdiction). Therefore, the Federal Rules, including Rule 14, appropriately apply. *See Grant*, 2021 WL 1516464, at *2 (applying Rule 14 in an action removed from state court after the defendants filed a joinder complaint in state court against healthcare providers who were later deemed to be federal employees).

The contingent indemnity and contribution claims against the United States hinge on actions already allegedly undertaken by Wayne Memorial Defendants. (Doc. 1, at 1-2). The claims against Wayne Memorial Defendants are already being litigated in state court. (Doc. 1, at 2); *Floyd v. Wayne Memorial Hosp., et al.*, Case No. 23-CV-3746. The only future action this matter is contingent on is the outcome of the pending state court case. (Doc. 39, at 10;

5

Doc. 40, at 12). As third-party actions may be commenced in the interest of judicial economy before they are technically ripe, the third-party complaint against the United States remains properly before this court. *Stahl*, 424 F.2d at 56; *Da Silva*, 506 F. Supp. 3d at 326; *Grant*, 2021 WL 1516464, at *2; *Hatco Corp.*, 59 F.3d at 406 n.3; *State College Area Sch. Dist.*, 825 F. Supp. 2d at 583; *Davis Pickering & Co., Inc.*, 2023 WL 2163886, at *6. It is in the interest of judicial economy that this action remains stayed while the state action is pending, rather than be dismissed and potentially refiled.[2]

### III. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (Doc. 38) is **DENIED**. An appropriate Order follows.

**BY THE COURT:**

**Dated: December 31, 2025**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[2] The United States' concerns that Floyd and Hall could file a subsequent federal lawsuit against Scully and Felsman, as they filed an administrative tort claim to that effect, are no longer relevant because the statute of limitations for such a claim have expired. (Doc. 39, at 5-6); *see* 28 U.S.C. § 2401 (providing the statute of limitations for an FTCA claim is two years after the claim accrues). The United States also indicates that it will be unwilling to produce Scully and Felsman for depositions in the state action without resolution of the stay on the federal claims in this Court. (Doc. 39, at 10 n.1). However, such a withholding would run afoul of 231 Pa. Code § 4001(c) and Federal Rule of Civil Procedure 30(a)(1), which provide that any party may take the testimony of any person, including a party, by deposition.